Filed 3/26/25  McGovern Escrow Services v. Artap CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| McGOVERN ESCROW SERVICES, INC., <br><br> Cross-complainant, Cross-defendant and Respondent, <br><br> v. <br><br> MICHELLE ARTAP et al., <br><br> Cross-defendants, Cross-complainants and Appellants. | A169309 <br><br> (Sonoma County Super. Ct. No. SCV-261461) |

Michelle Artap and U.S. Property Management, LLC (appellants) challenge the trial court's award of attorney fees and costs to respondent McGovern Escrow Services, Inc. (McGovern) from interpleaded funds, arguing that the award improperly includes attorney fees incurred in defending against appellants' breach of fiduciary duty claim.  Appellants contend that neither Code of Civil Procedure[1] section 386.6, nor the parties' escrow agreement, authorizes the award of those attorney fees.  We affirm.

---

[1]  All further statutory references are to the Code of Civil Procedure.

1

## BACKGROUND

This dispute arises from appellants' sale of a Wingstop franchise store. McGovern acted as the escrow officer for the sale.

Before the close of escrow, a dispute arose between appellants and the buyer regarding the disclosure of information related to the franchise's operation, and the buyer filed a complaint against appellants for, among other claims, breach of contract and recission. The buyer named McGovern as a defendant. McGovern filed a cross-complaint in interpleader, alleging that, prior to the buyer's lawsuit, appellants had demanded that McGovern pay a final California tax bill from the net proceeds in escrow, and the buyer instructed McGovern not to pay the bill and return any refund due to the buyer. McGovern interpleaded the escrow funds with the trial court. Appellants subsequently filed a cross-complaint against McGovern alleging breach of fiduciary duty.

The litigation proceeded to a trial between McGovern and appellants after the court dismissed the buyer's complaint when the buyer failed to appear for trial. On July 31, 2023, the day before the start of trial, McGovern filed a motion seeking discharge from liability (§§ 386, 386.5, 386.6) and an award of its attorney fees and costs under section 386.6 and/or the parties' escrow agreement. In its motion, McGovern anticipated that appellants would object to payment of all attorney fees incurred by McGovern, but McGovern argued that all such fees were recoverable. In support of the motion, McGovern's attorney submitted a declaration stating that the amounts sought were "incurred by McGovern in its prosecution and defense of the interpleader in this action." McGovern sought total attorney fees and costs of $159,345.32 ($146,087.50 in attorney fees and $13,257.82 in costs) and submitted its attorneys' invoices.

2

On August 1, 2023, the trial court granted appellants' request to file an opposition to McGovern's motion. In their written opposition filed the next morning, appellants argued that McGovern should not be discharged because (1) McGovern's motion for discharge provided appellants insufficient notice, (2) appellants' breach of fiduciary duty claim remained pending, (3) the buyer, not appellants, was allegedly responsible for the length and complexity of the proceedings, and (4) McGovern should be required to go after the buyer for its attorney fees and costs.

In court on August 2, 2023, the court addressed McGovern's motion. After hearing argument, the court denied the motion without prejudice based on insufficient notice. The court then told the parties that it believed the case should proceed with trial of the interpleader first and appellants' breach of fiduciary duty claim second.

After addressing other trial matters, the parties conferred regarding the court's suggestion off the record. Back on the record, McGovern's counsel reported that the parties had conferred and would stipulate that McGovern had satisfied the interpleader statute (§ 386.5) and that all that remained to be decided by trial or court decision was the reasonableness of the attorney fees and costs requested and whether these fees and costs would be allocated between the buyer and appellants. McGovern disputed that there should be any allocation, arguing that McGovern was entitled to take its fees and costs from the interpleaded funds. Regarding the reasonableness of the fees and costs requested, McGovern's counsel represented that appellants had agreed to stipulate to the authenticity of the invoices. McGovern's counsel then said, "[I]t's really just a matter of putting admitted documents in front of the Court as exhibits and letting the Court issue a ruling." Appellants' counsel confirmed for the court that McGovern's counsel's summary of the remaining

issues was accurate. The court and the parties then engaged in some discussion about the procedure to be used to assess the reasonableness of McGovern's attorney fees and costs. The court ended the hearing by telling the parties that the court would allow them to support or attack the reasonableness of the attorney fees and costs, and they would discuss the issue further after the trial.

At the start of the court trial on August 3, 2023, McGovern's counsel informed the court that the parties had been unable to reach a stipulation about entering the attorney invoices into evidence. The court responded that it would hear trial testimony and then deal with the issue. After hearing the evidence and granting nonsuit to McGovern on appellants' breach of fiduciary duty claim, the court told the parties that it understood from their prior conversation that what remained at issue with the interpleader was the reasonableness of the attorney fees and costs and the issue of allocation between the buyer and appellants. As to the former issue, the court asked appellants' counsel directly whether appellants disputed the reasonableness of the attorney fees McGovern sought. Counsel replied, "Well, to be honest, Your Honor, I think the Court knows that too. I think it's very difficult to dispute the reasonableness of the attorney's fees and the time spent on each task during the litigation. I think it's very hard to dispute that. And I'd looked at the itemized invoices for the time log. You know, it's almost impossible for me to dispute why they spent 35 hours drafting the motions in limine, for example. You know, so I submit I'm not going to challenge the reasonableness of the charges, Your Honor." The court then stated that it had reviewed McGovern's evidentiary submission, and it found the pretrial amounts requested to be "reasonable and approved." The court invited appellants' counsel to submit authority to support the position that

4

McGovern should only be allowed to recover a portion of its fees and costs out of the interpleaded funds, forcing McGovern to go after the buyers for the rest. McGovern's counsel indicated that McGovern would also be requesting its attorney fees for the trial. The court asked the parties to come back the next day for further hearing so the court could review any authority submitted by appellants and finalize the procedure to be used for McGovern to request additional fees.

Appellants filed an additional brief on August 3, 2023, after the court proceedings. This brief cited section 386.6 and argued the trial court should order the buyer to pay the full amount of McGovern's attorney fees and costs.

The next morning, the court stated that it had received appellants' brief and would allow argument, but it intended to take the matter of attorney fees and costs under submission. Appellants' counsel argued that the amount awarded should be allocated to the buyer, not taken from the interpleaded funds. Appellants' counsel said nothing about the reasonableness of the amount of attorney fees and costs requested. At the end of the hearing, the court stated that it would allow the parties to file supplemental briefs addressing the award of additional attorney fees and costs incurred at trial, and the court set a date of August 18, 2023, for McGovern's filing and August 25, 2023, for appellants' opposition.

On August 18, 2023, McGovern filed a supplemental declaration from its attorney listing its additional attorney fees and costs and attaching invoices. Appellants did not file an opposition.

On September 18, 2023, the trial court entered an order on the issues raised by McGovern's cross-complaint in interpleader and awarded McGovern the full amount of attorney fees and costs that McGovern had requested. The court ordered payment out of the interpleaded funds (the September 2023

5

order).  On the same day, the trial court entered a judgment after bench trial on appellants' breach of fiduciary duty claim.

On October 2, 2023, appellants served a notice of intent to move for a new trial on the breach of fiduciary duty claim wherein they also argued that the attorney fees and costs claimed by McGovern improperly included attorney fees and costs incurred in McGovern's defense against appellants' cross-complaint (the October 2023 motion).

On November 17, 2023, the trial court denied appellants' motion for a new trial on the breach of fiduciary duty claim under section 657.  Regarding the attorney fees and costs, the trial court found "pursuant to . . . section 1008, that there is no basis for the Court to overrule the decision made and attorneys fees are not evidence that supports the motion." This appeal of the judgment and the November 17, 2023 order ensued.

## DISCUSSION

Appellants argue that the trial court erred in granting attorney fees because neither section 386.6, nor the parties' escrow agreement, allowed McGovern to recover attorney fees incurred in defending against appellants' breach of fiduciary duty claim.  For the reasons set forth below, we affirm the judgment and the appealed order.

Prior to the trial court's September 2023 order, appellants did not raise the argument that McGovern could not recover attorney fees incurred in defending against appellants' breach of fiduciary duty claim under section 386.6 or the parties' contract.  "It is well established that appellate courts will ordinarily not consider errors that 'could have been, but were not raised below.'  [Citations.]  The rule applies to defenses as well as theories of liability, and to a 'new theory for or against recovery' of attorney fees. [Citation.]  'The policy behind the rule is fairness.'  [Citation.]  'Appellate

6

courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. [Citation.] In our adversarial system, each party has the obligation to raise any issue or infirmity that might subject the ensuing judgment to attack. [Citation.] Bait and switch on appeal not only subjects the parties to avoidable expense, but also wreaks havoc on a judicial system too burdened to retry cases on theories that could have been raised earlier.' " (*Findleton v. Coyote Valley Band of Pomo Indians* (2018) 27 Cal.App.5th 565, 569 [appellant forfeited new theory of attack on attorney fees award by not raising it below].)

Nor do appellants establish error in the trial court's ruling on their October 2023 motion, in which they argued for the first time that McGovern should not recover attorney fees for defending against appellants' breach of fiduciary duty claim. The trial court treated this as a motion for reconsideration under section 1008 on the issues of attorney fees and costs. Section 1008 requires a motion for reconsideration to be based on new or different facts, circumstances or law, some valid reason for not offering the law earlier, and a declaration stating, among other things, what new or different facts, circumstances or law are claimed to be shown. (§ 1008, subd. (a); Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2024) ¶¶ 9:328, 9:331.) The trial court determined there was no basis under section 1008 to overrule its prior order, it denied the motion, and did not address the substance of appellants' newly raised arguments. Appellants do not mention section 1008 on appeal or show that the trial court erred in applying this statute or in denying their October 2023 motion. We will not address appellants' arguments that were not timely or properly raised in the trial court.

7

Appellants invite us to exercise our discretion to address the merits of their arguments on appeal, contending their forfeiture should be excused because McGovern filed its motion on the eve of trial without sufficient notice. Where issues have been forfeited, we may exercise discretion to decide pure questions of law on undisputed facts, but that discretion should be " 'exercised rarely and only in cases presenting an important legal issue.' " (*In re Marriage of Elali & Marchoud* (2022) 79 Cal.App.5th 668, 682.)

This case does not meet the criteria because it does not present a pure question of law to be decided on appeal. McGovern contends that it "showed [below] that the charges had all been incurred in connection with the interpleader remedy and overcoming resistance to it." And appellants dispute only some the attorney charges. Given the fact-intensive inquiry about whether all of the attorney fees were or were not incurred in connection with the interpleader, consideration of these issues for the first time on appeal is not proper, and any remand would be unfair and burdensome to McGovern and to the trial court.

Appellants also fail to offer a compelling reason for us to reach the forfeited issues. They claim they had insufficient time to respond to McGovern's original motion, but after the trial court initially denied the motion without prejudice based on the insufficient notice, appellants' counsel could easily have demanded a noticed motion be filed rather than agreeing in court—after having reviewed McGovern's counsel's billing entries—that appellants would not contest the reasonableness of the fees requested. Furthermore, after the trial ended, appellants had three weeks to prepare and file any opposition to McGovern's supplemental request for attorney fees and costs. They did not file any opposition even though McGovern's declarations clearly set forth the attorney fees and costs requested and even

8

though they now state that some of the attorney fees were "patently not allowed by [s]ection 386.6." Appellants offer no explanation for this failure, and we decline to exercise our discretion to decide arguments that were not timely or properly raised before the trial court.

## DISPOSITION

The judgment and the trial court's November 17, 2023 order are affirmed.

BROWN, P. J.


We concur.


GOLDMAN, J.


SIMONDS, J.*


*McGovern Escrow Servs., Inc. v. Artap et al.* (A169309)

---

* Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.